## No. 4992.

### DUNLOP & McCANCE *v.* HENRY D. MINOR et al—EDWARD C. PALMER, Third Opponent.

The taxes of the years 1867 and 1868 became due at least by the first day of December of these years; they were assessed respectively in the same years—the taxes for 1867 in 1867—those for 1868 in 1868.

Under the revenue act, approved April 4, 1865, numbered 55, and entitled "An Act to provide for increasing the revenue of the State and raising means to pay the interest on the State debt," the lien and privilege for taxes dated from the first Monday of July of the year for which the taxes were assessed, and continued for two years.

But the revenue bill of 1868, approved on the twenty-sixth of October of that year, extended the continuance of the tax list to five years from the first of April of the year for which the taxes may be assessed. The last section of said act provides that it shall go into effect on the first day of January, 1869, and repeals, from and after its going into effect, all laws and parts of laws contrary to its provisions.

It was competent for the Legislature to lengthen the term of prescription in regard to tax liens. The act of 1868 is not understood by the court as repealing the 32d section of the act of 1865, but only as extending the duration of the lien.

The question of prescription must, in this case, be determined by the established rule for cases where a portion of the time to be computed has passed under one term of prescription, and the other portion has passed under another and different term. According to this method, it is found that the lien for the taxes of 1867 is prescribed, while the lien for the taxes of 1868 is not prescribed.

APPEAL from the Fourth Judicial District Court, parish of Ascension. *Flagg*, J.  *F. Duffell*, for plaintiffs and appellees. *Tissot, Nicholls & Pugh, W. W. King*, for Palmer, third opponent and appellant.

TALIAFERRO, J.   Third opponent complains that the sheriff of the parish of Ascension refused to furnish him a deed of conveyance of a plantation purchased by him at sheriff's sale, made under an order of seizure and sale, on the ground that the Recorder's certificate of mortgages exhibited at the sale, showed that the State and parish taxes against the property for the years 1866, 1867 and 1868 were unpaid, and that the lien established by law in such cases was of higher grade, than the special mortgage under which the plantation was sold; the opponent in this case being subrogated to all the mortgage rights of the seizing creditor.   The opponent contends that the lien alleged to exist is extinct by the prescription of two years, and no longer incumbers the property.

This is the only question presented in this case, whether the lien established by law against property to secure the payment of money due for taxes is, in the present case, lost by prescription.   The court below decided that as to the taxes against the property in question for the year 1866, the lien is prescribed, but that it still subsists for the taxes of the years 1867 and 1868.

From this judgment the opponent appealed.

The law invoked by opponent as alone applicable in this case, seems to be the Revenue act, approved fourth of April, 1865, numbered 55,

and entitled "An act to provide for increasing the revenue of the State and raising means to pay the interest on the State debt." Acts of 1865, p. 146 et sequentes.

The 32d section of this act provides, "That the taxes assessed by law on the property of any person or corporation are hereby declared a lien and privilege on the real property of such person or corporation, to date from the first Monday of July of the year for which they may be assessed, any alienation thereof or incumbrance thereon notwithstanding, and shall exist in favor of the State and parish for the respective amount of taxes assessed for each for two years, and shall be paid by preference to all mortgages and other incumbrances."

By the 24th section of the same act it is provided, "That the assessors shall complete three fair copies of their assessment rolls on or before the first Monday of October in each and every year, and shall affix to each a certificate," etc.

The 25th section provides, "That the assessment rolls thus certified by affidavits shall, on or before the first Monday of October of each year be opened in the office of each assessor." Notice is then to be given for thirty days for corrections of the roll by any person aggrieved; the whole to be completed and the rolls to be delivered by the first of January, to the auditors and the collector. A failure to comply with these directions subjects the assessors to severe penalties by section 28 of the same statute. The court will presume that the assessors accomplished their task and made their returns within the time prescribed by law. 1 An. 210.

It results then, we conclude, that the taxes of the years 1867 and 1868, became due at least by the first of December, of these years— that the taxes of these years were assessed respectively in the same years, the taxes for 1867 in 1867, those for 1868 in 1868. The words of the statute are plain, that "the lien and privilege shall date from the first Monday of July of the year for which the taxes were assessed," etc. It is contended on the part of the opponent that the lien subsisting for the taxes of 1867, terminated on the first of July, 1869; that for the taxes of 1868 on the first of July, 1870. This would be true if the act of 1865 is alone applicable in this case. But in October, 1868, the Legislature, by the Revenue bill of 1868, approved on the twenty-sixth of October of that year, extended the time of the continuance of the tax lien to five years from the first of April of the year for which they may be assessed." The question now arises, what effect had that act upon the previous one of 1865? The last section of the act of 1868 provides that it shall go into effect on the first of January, 1869, and repeals, from and after the time of its going into effect, all laws and parts of laws contrary to its provisions. It was

Dunlop & McCance v. Minor et al., Palmer, third opponent.

competent for the Legislature to lengthen the term of prescription in regard to liens for the security of the payment of taxes, and we do not understand the act of 1868 as repealing the 32d section of the act of 1865, but only as extending the time for which the tax lien should subsist from and after the going into effect of the act of 1868. The question of prescription, we apprehend must· be determined by the established rule for cases where a portion of the time to be computed has passed under one term of prescription and the other portion has passed under another and different term. According to this method it will be found that the lien for the taxes of 1867 is prescribed, while the lien for the taxes of 1868 is not prescribed. The sale of the Southwood plantation took place on the sixth of January 1872. In regard to the tax lien for the taxes of 1867, the time commenced to run from the first of July of that year—one year and six months had elapsed on the first of January, 1869, when the act of 1868 went into operation. To complete the prescription six months were required to run. The term of prescription being extended to five years, fifteen months the equivalent of six months were necessary under the act of 1868 to complete the prescription. It was completed, therefore on the first of April, 1870, near two years before the sale of the property. Tested by this rule, it will be seen that the lien for the taxes of 1868 was not prescribed at that time. We conclude that the judge a quo was in error in deciding that the lien subsisted at the time of the sale as well for the taxes of 1867 as for those of 1868.

It is therefore ordered and decreed that the judgment of the district court, so far as it decreed that the tax lien for the taxes of 1867 still subsisted against the Southwood plantation, "sold on the sixth" of January, 1872, under an order of court, be annulled and set aside, and in other respects, that it be confirmed,. the appellee paying costs of appeal.